

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AARON PETERSON, | CASE NO. 1:07 CV 3770 |
| Petitioner, | JUDGE DAVID A. KATZ |
| v. | |
| STATE OF OHIO, | OPINION AND ORDER |
| Respondent. | |

On December 11, 2007, petitioner pro se Aaron Peterson filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Peterson is incarcerated in an Ohio correctional institution, having been convicted of murder in 1997. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Peterson seeks to raise four grounds for relief. It is evident on the face of petition that although he filed several postconviction motions in the trial court, he did not appeal denial of the motions. Such an appeal is now precluded. State v. Ruff, 70 Ohio St.3d 1461 (1994); State v. Nichols, 11 Ohio St.3d 40 (1984). Thus, Peterson was and is procedurally barred from raising in the state court any issues concerning his convictions.

If a procedural bar in the state court exists, this court will not consider the habeas claims raised unless a petitioner establishes adequate cause to excuse his failure to properly raise the claims in the state court and actual prejudice to case. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); see also, Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the petition.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE